[Crim. No. 1462. Second Appellate District, Division Two.—April 28, 1927.]

## THE PEOPLE, Respondent, v. STANLEY KEYS, Appellant.

[1] CRIMINAL LAW—HIGH-GRADE MISDEMEANORS—JURISDICTION.—The superior court has jurisdiction over high-grade misdemeanors committed in the county outside the territorial limits of a city in which a municipal court is established.

[2] ID.—MISCONDUCT OF COURT—EXAMINATION OF WITNESSES—FAILURE TO SHOW PREJUDICE.—In this prosecution for a violation of the Wright Act, although the trial court examined a defense witness at

1. See 7 Cal. Jur. 899.

unusual length and without any apparent necessity, this fact alone cannot be said to have prejudiced the rights of defendant, where the record discloses no part of the examination in which the court displayed disbelief of the witness' testimony, or bias against defendant, and defendant's counsel failed to point out what questions were deemed objectionable or in any manner prejudicial.

(1) 16 C. J., p. 151, n. 64, p. 152, n. 67.   (2) 17 C. J., p. 296, n. 74; 40 Cyc., p. 2511, n. 40.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Harry A. Hollzer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel and Martin S. Ryan for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIG, J.—Appellant was charged by information in the superior court of Los Angeles County with a violation of the Wright Act, a high-grade misdemeanor, and was tried and found guilty. This appeal is taken from an order of the superior court denying his motion for a new trial, and from the judgment of conviction.

[1] Two grounds are urged, upon which it is claimed that the judgment should be reversed. First, it is said that the municipal court of the city of Los Angeles has exclusive jurisdiction of all misdemeanors committed in the county of Los Angeles and not within any incorporated city other than Los Angeles. This question was decided adversely to appellant's contention in *People* v. *Denault*, 81 Cal. App. 1 [253 Pac. 151]. It was there held that as to high-grade misdemeanors committed in the county, and outside the territorial limits of the city in which the municipal court has been established, the jurisdiction now, as before the establishment of the municipal court, is in the superior court.

[2] The other point urged by appellant is that "severe and improper cross-examination" by the court of a defense witness tended to show that the court was biased and prejudiced against the defendant, and that the court disbelieved

the witness; that this bias and prejudice on the part of the court tended to prejudice the jury, all of which, it is said, constituted prejudicial error.

This examination of the witness by the court occupied about eighteen pages of appellant's brief. No attempt is made to point out what questions asked were objectionable, or in what manner any portion of this examination shows prejudice upon the part of the court, or is at all prejudicial to the rights of the defendant. It was said in *People* v. *Boggess,* 194 Cal. 212 [228 Pac. 448], that ordinarily the proper course is to allow counsel to first examine a witness, and for the court to intervene, if at all, only after they shall have finished, and that should the court then examine further, it should do so with care, lest the jury indulge in inferences adverse to the defendant. It appears in the instant case that the court examined the witness at an unusual length, and that without any apparent necessity, as the People were represented by counsel. However, we are not prepared to say that this fact alone prejudiced the rights of the defendant. We have found no part of the examination in which the court displayed disbelief of the witness' testimony, or bias against the defendant; and, as we have said, counsel have made no attempt to call our attention to such an instance. We find no substantial error in the record.

The judgment and order appealed from are affirmed.

Thompson, J., and Johnson, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1927.